James BERNARD et al., Plaintiffs,

v.

McLEAN TRUCKING COMPANY et al., Defendants.

Civ. A. No. 74–189–C2.

United States District Court, D. Kansas.

March 15, 1977.

Lloyd Burke Bronston, Overland Park, Kan., for plaintiffs.

R. F. Beagle, Jr. and Richard B. McKelvey, Gage, Tucker, Hodges, Kreamer, Kelly

& Varner, Kansas City, Mo., Bill E. Fabian, McAnany, Van Cleave & Phillips, Kansas City, Kan., for defendant McLean Trucking Co.

James G. Walsh, Jr., James H. Barnes, Kansas City, Kan., for defendants Local 41 and Local 498.

## MEMORANDUM AND ORDER

O'CONNOR, District Judge.

On January 14, 1977, following oral argument at which all parties were represented by counsel, the court took under advisement the respective motions of each of the individual parties. The court, after further examining the pleadings and other matters filed in this action, adheres to the view suggested at the time of oral argument, that the defendants are entitled to prevail on their motions for summary judgment.

The plaintiffs herein are individual employees of the defendant McLean Trucking Company. Prior to October, 1971, they were employed by Topeka Motor Freight (TMF) in the latter's Kansas City terminal. As TMF employees they were members of local 498 of the Teamsters Union and were covered by the 1970–73 National Master Freight Agreement and the Central States Area Local Cartage Supplemental Agreement. On October 13, 1971, TMF filed a petition for reorganization proceedings under Chapter 10 of the federal Bankruptcy Act. Thereafter, on September 26, 1972, the Interstate Commerce Commission granted to McLean Trucking "temporary authority" to manage and control the operations and assets of TMF. Pursuant to this grant of temporary authority, on approximately October 1, 1972, McLean merged the respective Kansas City terminals of McLean and TMF. Under sections 3(a)(2) and 3(a)(6), Article 5, of the National Master Freight Agreement in effect at that time, when a merger of terminals or operations involved two companies of which one was solvent and the other was insolvent, employees of the insolvent company went to the bottom of the master seniority list of employees for the combined operations. TMF local cartage employees, including the plaintiffs, were therefore "end-tailed" on the seniority list of McLean employees.

On October 3, 1973, the ICC issued permanent authority for McLean to acquire and operate TMF. Prior to this date—but after McLean had received temporary ICC authority, merged its own Kansas City terminals and operations with those of TMF, and "end-tailed" the former TMF employees—a new National Master Freight Agreement was adopted. This contract dropped the so-called "insolvency" rule and provided that whenever the terminals or operations of two companies were merged, the active seniority rosters of the affected companies would be merged into a comprehensive seniority list based upon the dates of initial employment of individual employees. All employees, whether formerly employed by a solvent or an insolvent company, were thus entitled to be "dove tailed" for seniority purposes.

The crux of this lawsuit is the plaintiffs' claim that McLean breached the 1973 collective bargaining agreement by failing to dovetail TMF employees after October 3, 1973, the date of issuance of permanent authority by the ICC. The plaintiffs assert that the TMF and McLean seniority lists were prematurely merged and that, as a matter of law, an effective "merger of terminals or operations" within the meaning of the earlier collective bargaining agreement could not be accomplished on the basis of only "temporary" operating authority by the ICC. The plaintiffs advanced this argument through their contractual grievance procedure and, at the conclusion of arbitration specified by the National Master Freight Agreement to be final and binding on all parties, their claims were rejected. The plaintiffs claim that the arbitral award is not binding because the arbitration committee reached an erroneous conclusion on what was strictly a question of law, *i.e.*, construction of the relevant contract terms. They further claim that because their grievance allegedly involved only a question of law, the court may undertake *de novo* examination of the contracts, and that once the court does so, it will conclude that

McLean breached the 1973 collective bargaining agreement. Plaintiffs allege, as a further basis for their claim that deference to the arbitral award is inappropriate, that their union breached its fair duty of representation by failing to process the grievance in the spirit of vigorous and sincere partisanship on behalf of their interests. The plaintiffs have filed motions for summary judgment against McLean, alleging that as a matter of law the court must find a breach of the relevant collective bargaining agreements, and against the two Teamsters Union locals alleged to have breached the duty of fair representation to the plaintiffs. McLean and Teamsters Locals 498 and 41 have filed respective cross-motions for summary judgment on these same issues. All parties have agreed that this case is ripe for summary judgment. The plaintiffs, in particular, have stipulated that there is no genuine issue of material fact, except for the amount of the damages to which they are entitled, to be determined in connection with this action.

 The court is persuaded, after examining the great bulk of pleadings, affidavits, interrogatories and other evidentiary materials filed in this case, that as a matter of law the plaintiffs cannot prevail on their claims against the local union defendants. Taking as true the plaintiffs' allegations on this score, it appears that the plaintiffs, represented by James Bernard, initially asked the union steward to prosecute their grievance. He refused to do so on the ground that the grievance was spurious. The plaintiffs then sought out Mike Spero, business manager for Local 41. Spero also expressed his view that the grievance had no merit but nevertheless agreed to prosecute it. On November 16, 1973, the plaintiffs' grievance reached the joint local area committee, composed of three representatives each from union and management. The joint local area committee was deadlocked and unable to reach a decision. As a result, the grievance was processed at the next "final and binding" level provided by the collective bargaining agreement—the Missouri-Kansas Joint State Grievance

Committee. This committee, also composed of six members equally representative of union and management, met on December 12, 1973, to hear the plaintiffs' grievance, among others. The union steward did not give the plaintiffs oral or written notice of the hearing much in advance of the time it was held. Bernard, the plaintiff's principal advocate, did receive about an hour's notice and was released from work to attend the hearing. The hearing was somewhat perfunctory—the union had not obtained legal opinions on the issues presented, made no effort to present factual evidence, and Spero's presentation of the grievance amounted to reading the plaintiffs' complaint and asking the committee for clarification of the contract terms. Bernard, however, was given an opportunity, which he utilized, to present and argue the plaintiffs' claims. At the conclusion of these presentations and some colloquy between Bernard and committee members, the committee, after brief conference, denied the plaintiffs' claims. These basic facts are not disputed. The plaintiffs allege various additional facts which, because they are of questionable relevance, are not recited here. Suffice it to say, however, that in the court's view these facts fall far short of stating an actionable claim for breach of the union's duty of fair representation.

According to the defendants' uncontradicted affidavits of various union officials including Spero, the following facts must also be taken as true: (1) Spero's opinion that the grievance was without merit was based upon his investigation of industry-wide practices regarding the effect of mergers of terminals or operations upon employee seniority rights, and his consultation with national union officials regarding the construction and intended effect of the 1973 collective bargaining agreement; (2) in presenting the grievance, Spero at no time expressed his personal views regarding the merits of the grievance; (3) McLean, the union, and the plaintiffs had equal advance notice of the grievance hearing and such short notice was, for certain logistical reasons, common practice in the industry.

A breach of the statutory duty of fair representation occurs only when, a union's conduct toward a member of the collective bargaining unit is "arbitrary, discriminatory, or in bad faith." *E.g., Vaca v. Sipes,* 386 U.S. 171, 190, 87 S.Ct. 903, 916, 17 L.Ed.2d 842 (1967). Evaluated by this standard, the plaintiffs' evidence can in no way be viewed as stating an actionable claim for relief against the defendant unions. While no purpose would be served by extended discussion of the plaintiffs' claims, it should be noted that despite their relative short notice of the hearing, the plaintiffs were fully and fairly represented before the arbitration committee by one of their own number, as well as by Mike Spero, and they do not claim to have suffered any prejudice as a result of their late notice. In addition, because the plaintiffs' grievance raised merely an issue of contract interpretation, it is difficult to perceive any dereliction of duty by the union in failing to present "evidence" for the committee's consideration. Likewise, the union was not required to present the immaterial "legal opinions" of unspecified persons—presumably outside the industry and unfamiliar with the contractual history of the disputed provisions—to bolster the plaintiffs' case. In the court's view, the undisputed evidence filed in this. case compels the conclusion, as a matter of law, that the union acted fairly, honestly, and in absolute good faith in presenting the plaintiffs' claims. The fact, without more, that the union's membership included former TMF employees and former McLean employees whose seniority rights would be adversely affected if the plaintiffs were to prevail does not alter this conclusion. *Humphrey v. Moore,* 375 U.S. 335, 84 S.Ct. 363, 11 L.Ed.2d 370 (1964). Accordingly, the court finds that the defendant unions are entitled to prevail on their motion for summary judgment and that the plaintiffs' motion for summary judgment on this score must of necessity be overruled.

■ This finding largely disposes of the plaintiffs' claim that McLean breached the relevant collective bargaining agreements by failing to dovetail former TMF employees as requested in their grievance. The plaintiffs' claim of contractual right to be dovetailed, as noted above, was found to be without merit by the arbitration committee contractually established to render "final and binding" decisions of such disputes. In the absence of any basis in the record for a conclusion that the parties to a contractual grievance proceeding were not accorded a full and fair hearing or that the arbitral decision was not made in good faith or was in any sense arbitrary or capricious, *e.g., Amalgamated Butcher Workmen Local Union No. 641 v. Capitol Packing Co.,* 413 F.2d 668 (10th Cir. 1969), or that the union breached its duty of fair representation, *e.g., Harris v. Chemical Leaman Tank Lines, Inc.,* 437 F.2d 167 (5th Cir. 1971); *Bieski v. Eastern Automobile Forwarding Company,* 396 F.2d 32 (3d Cir. 1968), the court will not review the merits of a grievance decision contractually deemed to be "final and binding." *E.g., Duke v. Rock Island Motor Transit Company,* unpublished, Case No. 75–174–C6 (D.Kan. January 28, 1977).

■ The record in this case does not provide the necessary predicate for judicial review of the merits of the arbitration committee's decision of this grievance. There is absolutely no factual or legal basis for the claim that said decision was arbitrary or capricious. The plaintiffs' grievance involved no factual dispute, but was solely addressed to the construction and application of the collective bargaining agreement. The arbitral award unquestionably drew its essence from the relevant contracts and was consistent with the express language of the collective bargaining agreement as well as long-established custom in the trucking industry, as outlined in various undisputed affidavits herein. The court, in this circumstance, must abide by the decision of the arbitration committee. The court therefore finds that, as a matter of law, McLean did not breach the collective bargaining agreements by failing to honor the plaintiffs' request to be dovetailed on the master seniority list of McLean and TMF employees. Accordingly, the plaintiffs' motion for sum-

mary judgment on this claim must be overruled and summary judgment must be rendered for the defendant McLean.

IT IS THEREFORE ORDERED that the plaintiffs' motions for summary judgment against the defendant McLean Trucking Company and against the defendants Teamsters Local 498 and Teamsters Local 41 be and the same are hereby overruled; and that the motions of McLean, Teamsters Local 498, and Teamsters Local 41 for summary judgment against the plaintiffs be and the same are hereby sustained. The motion to dismiss certain plaintiffs, filed by the Union defendants, is hereby overruled as moot.

Counsel for defendants shall prepare, circulate, and submit for the court's approval and signature a Journal Entry of Judgment reflecting the holdings of the foregoing Memorandum and Order.